1   DAVID L. ANDERSON (CABN 149604)
    United States Attorney
2
    HALLIE HOFFMAN (CABN 210020)
3   Chief, Criminal Division

4   ASEEM PADUKONE (CABN 298812)
    Assistant United States Attorney
5
        450 Golden Gate Avenue, Box 36055
6       San Francisco, California 94102-3495
        Telephone: (415) 436-6401
7       FAX: (415) 436-7234
        Aseem.Padukone@usdoj.gov
8
    Attorneys for United States of America
9
                    UNITED STATES DISTRICT COURT
10
                  NORTHERN DISTRICT OF CALIFORNIA
11
                      SAN FRANCISCO DIVISION
12

13  UNITED STATES OF AMERICA,            )   No. CR 19-0578 WHO
                                         )
14          Plaintiff,                   )   UNITED STATES' SENTENCING
                                         )   MEMORANDUM
15       v.                              )
                                         )
16  ROGER ARTEAGA-VELASQUEZ,             )
                                         )
17          Defendant.                   )
                                         )
18

19

20

21

22

23

24

25

26

27

28

UNITED STATES SENTENCING MEMORANDUM
19-0578 WHO

## I.      INTRODUCTION

The United States respectfully requests that the Court impose a sentence consistent with the guidelines by sentencing the defendant, Joel Arteaga-Estrada (indicted as Roger Arteaga-Velasquez), to 6 months' imprisonment, followed by a supervised release term of three years.  This sentence is reasonable based on a consideration of the Guidelines and the factors under 18 U.S.C. § 3553(a).

On October 15, 2019, Arteaga-Estrada sold five bindles of heroin to an undercover San Francisco Police Department officer.  On October 31, 2019, the grand jury returned an indictment against Arteaga-Estrada on one-count of violating 21 U.S.C. § 841(a)(1) and (b)(1)(C) – Distribution of Heroin.  Arteaga-Estrada pleaded guilty to the charge in this indictment on January 30, 2020, pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure.  Based on the nature of Arteaga-Estrada's offense, the United States respectfully recommends that the Court impose a sentence of 6 months' imprisonment, which is at the low-end of the guidelines range for the offense to which the defendant has entered a guilty plea.

## II.     BACKGROUND

### A.      Factual Background

On October 15, 2019 at approximately 1:30 p.m., the defendant, Joel Arteaga-Estrada, was standing near the intersection of Seventh Street and Mission Street in the Tenderloin district of San Francisco, California.  At this time, an undercover police officer from the San Francisco Police Department ("SFPD") approached Arteaga-Estrada and asked if Arteaga-Estrada could sell him "chiva" for $40.  Arteaga-Estrada understood this to mean that the individual sought to purchase heroin from him.  Arteaga-Estrada then spit five bindles of heroin out of his mouth, and handed them to the undercover officer in exchange for the cash.  SFPD officers identified Arteaga-Estrada shortly thereafter.  They released him after seizing the cash.  The bindles of heroin sold to the undercover officer are believed to weigh less than 10 net grams.

Arteaga-Estrada does not have any prior adult convictions, though he has been arrested on four other occasions for drug related offenses.  *See* Modified PSR at ¶¶26-29.  Two of those other arrests occurred in 2019, including one after the conduct at issue in the present case.  Id.

1

UNITED STATES SENTENCING MEMORANDUM
19-0578 WHO

1

**B.      Guidelines Calculation**

2        The government agrees with the Probation Department that the offense level of 10 is the

3    appropriate offense level for Arteaga-Estrada's conduct.  *See* Modified PSR at ¶¶11-19.  The base

4    offense level is 12 under U.S.S.G. § 2D1.1(c)(14), because Arteaga-Estrada sold less than 10 net grams

5    of heroin.  A two-level reduction for acceptance of responsibility under § 3E1.1(a) is appropriate.

6        The defendant does not have any prior criminal convictions, so his criminal history is Category I.

7    *See* Modified PSR at ¶23.  A total offense level of 10 with a criminal history category of I results in a

8    sentencing range of 6 to 12 months' imprisonment.

9    **III.    DISCUSSION**

10       **A.      Applicable Law**

11       The Court should impose a sentence sufficient, but not greater than necessary, to reflect the

12   purposes of sentencing that Congress identified in 18 U.S.C. § 3553(a)(2).  *United States v. Carty*, 520

13   F.3d 984, 991 (9th Cir. 2008).  The Court should begin the process of determining an appropriate

14   sentence by calculating the correct sentencing range under the Guidelines.  *Id.*  After determining the

15   appropriate Guidelines calculations, the Court should then evaluate the sentence for substantive

16   reasonableness in light of the factors set out in Section 3553(a).  *Carty*, 520 F.3d at 991–93.

17       Under 18 U.S.C. § 3553(a), in arriving at the appropriate sentence for the defendant, the Court

18   should consider these factors applicable to this case, among others:

19              (1)    the nature and circumstances of the offense and the history and
                       characteristics of the defendant;
20
                (2)    the need for the sentence imposed to reflect the seriousness of the
21                     offense, to promote respect for the law, and to provide just
                       punishment for the offense;
22
                (3)    the need for the sentence imposed to afford adequate deterrence to
23                     criminal conduct;

24              (4)    the need to avoid unwarranted sentence disparities among
                       defendants with similar records who have been found guilty of
25                     similar conduct;

26              (5)    the need to provide restitution to any victims of the offense.

27

28

2

UNITED STATES SENTENCING MEMORANDUM
19-0578 WHO

**B.     Recommendation**

The government recommends that the Court sentence the defendant to the low-end of the guidelines range and impose a sentence of 6 months' imprisonment, followed by three years of supervised release, based upon a consideration of the Guidelines and 18 U.S.C. § 3553(a) factors.  Such a sentence would be sufficient, but not greater than necessary, based on the nature of the offense and the history and characteristics of the defendant.

The nature and circumstances of the offense merit a term of imprisonment of 6 months.  Arteaga-Estrada sold the heroin, a schedule I controlled substance, in exchange for U.S. currency in the Tenderloin district, a diverse neighborhood with a high concentration of school-age children and elderly residents.

That Mr. Arteaga-Estrada's sale involved five bindles of heroin does not mean that the offense lacks seriousness.  The impacts of pervasive drug dealing in the Tenderloin are readily apparent by walking a few blocks in any direction after exiting the courthouse.  The opioid epidemic sweeping the country highlights the seriousness of Arteaga-Estrada's conduct.  In 2017, 68 percent of the more than 70,200 drug overdose deaths involved an opioid.[1]  In 2017, the number of opioid-related overdose deaths—including heroin—was six times higher than in 1999.[2]  The defendant's sale of heroin therefore serves to perpetuate this epidemic.

Likewise, the history and characteristics of the defendant merit this sentence.  Arteaga-Estrada does not have any prior convictions.  He does, however, have four other arrests for drug related activity.  *See* Modified PSR at ¶¶26-29.  These other arrests—including two in 2019—demonstrate that Arteaga-Estrada's conduct in this case is not an isolated incident.  Officers seized suspected heroin and methamphetamine from Arteaga-Estrada following his arrest on February 25, 2019 on 7th and Stevenson St. (a block away from the location of his arrest in this case).  *See* id. at ¶28.   In fact, his most recent arrest occurred on November 15, 2019, just one month *after* his conduct in this present case.  *See* id. at ¶29.  In that incident, Arteaga-Estrada sold suspected fentanyl (a deadly opioid) to an individual.  He

---

[1] *See* Center for Disease Control, "Opioid Overdose: Understanding the Epidemic," (Dec. 19, 2018). Accessed at: https://www.cdc.gov/drugoverdose/epidemic/index.html

[2] *See* id.

3

UNITED STATES SENTENCING MEMORANDUM
19-0578 WHO

1   also possessed cocaine base and heroin that he attempted to destroy upon spotting the police officers.

2   Id.  He attempted to flee from officers after his sale.  Id.  Arteaga-Estrada therefore was undeterred by

3   his interaction with SFPD officers following his October sale of heroin to an undercover officer.

4   Instead, he engaged in similar conduct (involving a variety of illegal drugs) just one month later.  This

5   episode demonstrates that a sentence of 6 months' imprisonment is therefore necessary in order to afford

6   adequate deterrence to criminal conduct.

7         The parties' plea agreement also provides for a three-year term of supervised release that

8   includes an expanded search condition.  Given the nature of this crime, the requested condition is

9   necessary to serve the interests of deterrence and rehabilitation.

10        Accordingly, this recommended sentence would protect the community from further crimes by

11  Arteaga-Estrada, promote respect for the law, and provide just punishment.

12  **IV.    CONCLUSION**

13        For the reasons set forth above, the United States respectfully requests that the Court accept the

14  parties' Rule 11(c)(1)(B) plea agreement and impose a sentence of a term of 6 months' imprisonment,

15  followed by three years of supervised release with the expanded search condition, a $100 special

16  assessment, and a forfeiture of all controlled substances seized from Arteaga-Estrada on October 15,

17  2019.  This sentence is reasonable and sufficient, but not greater than necessary, to achieve the goals of

18  sentencing.

19

20  DATED:  February 20, 2020                    Respectfully submitted,

21                                               DAVID L. ANDERSON
                                                 United States Attorney
22

23                                                /s/ *Aseem Padukone*
                                                 ASEEM PADUKONE
24                                               Assistant United States Attorney

25

26

27

28
                                               4
UNITED STATES SENTENCING MEMORANDUM
19-0578 WHO